Samuel J. Silverman, J.
This is an action by plaintiff, Manufacturers Hanover Trust Company, upon a negotiable promissory note dated September 28,1961 made by the defendant Peter Nascarella payable to the order of Stevens Motors, Inc., and indorsed to plaintiff. There is no contention that plaintiff is a holder in due course without notice.
The case was submitted on a stipulation of facts, the essential elements of which are as follows: On September 28, 1961, the defendant as buyer and Stevens Motors, Inc., as seller, executed a retail installment contract whereby Stevens sold an automobile to the defendant by conditional sale, for $4,168. Defendant made a down payment of $730 and executed a negotiable promissory note payable to the order of Stevens for the balance of $3,438, payable in 36 equal monthly installments of $95.50 each. The note expressly states that it is delivered “ to evidence the obligation of the maker under a Retail Installment Contract, and shall not be negotiated separately from said Contract ”. The contract was assigned to plaintiff and the note indorsed to plaintiff’s order.
Defendant paid four installments of $95.50 each; he failed to pay the installment due on February 28,1962 or any subsequent installment. On March 20, 1962 and on April 16, 1962 plaintiff notified defendant by mail ‘ ‘ that he is in default ’ ’. On May 7, 1962, plaintiff accelerated the maturity of the note and installment contract. On May 29, 1962, plaintiff repossessed the automobile. On June 8, 1962, written notice of the intended sale by public auction, of the said automobile, was given to defendant by a licensed auctioneer, on behalf of plaintiff. After the retaking, and before sale of the automobile, “ defendant appeared at the office of plaintiff and during the course of a conversation with an employee of plaintiff, offered to pay plaintiff an amount equal to the then unpaid installments plus the expenses of retaking.” Plaintiff rejected said tender and demanded the balance due under the afore-mentioned note and retail installment contract. Defendant refused to make said payment. The automobile was sold on June 18,1962. The net proceeds of the sale was $1,521.71. This was applied against the note and this suit is for the remaining balance on the note (after certain adjustments) of $1,275.38.
*973 The contract provides “ Buyer shall not assign, sell or transfer this contract or any interest therein or in the Property, without the written consent of the holder of this contract. ’ ’
Section 73 of the Personal Property Law (Uniform Conditional Sales Law) provides: “ If any buyer does * * * sell, mortgage or otherwise dispose of his interest in the goods * * * in violation of the contract, the seller may retake possession of the goods and deal with them as in case of default in payment of part or all of the purchase price.”
On April 19,1962, defendant had physically delivered the automobile to one Herman A. Hilliard and transferred the automobile registration to him. In consideration, said Hilliard “ assumed the payments due under said note and retail instalment contract on condition that the defendant bring the payments up to date ’ ’. Thereafter Mr. Hilliard registered the automobile in his own name. It was further stipulated that all of the transactions between the defendant and Mr. Hilliard occurred without the knowledge of, or notice to, plaintiff.
Section 78 of the Personal Property Law provides that during the statutory redemption period “ the buyer, upon payment or tender of the amount due under the contract at the time of retaking and interest * * * or upon performance or tender of performance of any other promise for the breach of which the goods were taken, and upon payment of the reasonable expenses of retaking, keeping and storage, may redeem the goods and become entitled to take possession of them and to continue in the performance of the contract as if no default had occurred ”.
The parties have apparently assumed that if the tender was in the correct amount, it was timely and in proper form.
Plaintiff argues that the tender was insufficient because (a) it was of only the unpaid installments without regard to the acceleration; (b) the transfer to Hilliard was a violation of the terms of the installment contract, and it not having been cured, the full amount was due; and (c) by reason of the transfer, defendant was no longer the buyer and had no beneficial interest entitling him to redeem.
I do not accept any of these arguments: (a) Where the breach for which the chattel is retaken is the failure to pay installments, the ‘ ‘ amount due under the contract ’ ’ within the meaning of section 78 of the Personal Property Law is only the amount of the unpaid installments, notwithstanding an acceleration clause. (Clark v. Tri-State Discount Co., 151 Misc. 679.) (b) The transfer to Hilliard did not require defendant to pay the accelerated full balance: (I) With respect to defaults other than nonpayment of installment, the buyer may redeem “ upon performance *974 or tender of performance of any other promise for the breach of which the goods were retaken (Personal Property Law, § 78.) Here the goods were not retaken for the breach of the promise not to transfer the goods, and therefore no tender had to be made with respect to it, (II) The transfer to Hilliard was “ on condition that the defendant bring the payments up to date. ’ ’ The condition not having been complied with, the transfer failed. (c) For the reasons I have stated, as well as equitable considerations, .defendant had a sufficient beneficial interest as buyer to be entitled to make the tender.
Accordingly the complaint is dismissed on the merits.